UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x
JAVIER MARTINEZ,

                             Plaintiff,

                      -against-

Police Officer HOMER HENRIQUEZ, Shield No. 02725; Police Officer KENDRICK MALDONADO, Shield No. 15955; Police Officer ENRIQUE MIR, Shield No. 21189; Lieutenant NEFTALI BETANCES; and JOHN and JANE DOE 1 through 10, individually and in their official capacities (the names John and Jane Doe being fictitious, as the true names are presently unknown),

                             Defendants.
------------------------------------------------------------------ x

**FIRST AMENDED COMPLAINT**

**13 CV 8753 (LAK)**

Jury Trial Demanded

## NATURE OF THE ACTION

1.    This is an action to recover money damages arising out of the violation of plaintiff's rights under the Constitution.

## JURISDICTION AND VENUE

2.    This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth, Fifth, Sixth and Fourteenth Amendments to the Constitution of the United States.

3.    The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331 and 1343.

4.    Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 (b) and (c).

## JURY DEMAND

5. Plaintiff demands a trial by jury in this action.

## PARTIES

6. Plaintiff Javier Martinez ("plaintiff" or "Mr. Martinez") is a resident of Bronx County in the City and State of New York.

7. Defendant Police Officer Homer Henriquez, Shield No. 02725 ("Henriquez"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Henriquez is sued in his individual and official capacities.

8. Defendant Police Officer Kendrick Maldonado, Shield No. ("Maldonado"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Maldonado is sued in his individual and official capacities.

9. Defendant Police Officer Enrique Mir, Shield No. 21189 ("Mir"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Mir is sued in his individual and official capacities.

10. Defendant Lieutenant Neftali Betances ("Betances"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Betances is sued in his individual and official capacities.

11. At all times relevant defendants John and Jane Doe 1 through 10 were police officers, detectives or supervisors employed by the NYPD. Plaintiff does not

know the real names and shield numbers of defendants John and Jane Doe 1 through 10.

12.     At all times relevant herein, defendants John and Jane Doe 1 through 10 were acting as agents, servants and employees of the City of New York and the NYPD.  Defendants John and Jane Doe 1 through 10 are sued in their individual and official capacities.

13.     At all times relevant herein, all individual defendants were acting under color of state law.

## STATEMENT OF FACTS

14.     At approximately 3:00 p.m. on April 23, 2013, plaintiff was lawfully present in the vicinity of Garrison Street and Irvine Street in the Bronx, New York.

15.     Without reasonable suspicion to believe he had committed any crime or offense, the defendants unlawfully stopped and searched Mr. Martinez.

16.     Plaintiff told the defendants, in sum and substance, that he had a hypodermic needle in his pocket that he had lawfully obtained from a licensed needle-exchange program in which he was currently enrolled.

17.     Plaintiff showed the defendants his membership card verifying his enrollment in the program.

18.     Pursuant to New York Penal Section 220.03, it is legal to possess a hypodermic needle, with or without residue, if it was lawfully obtained.

19. Referring to plaintiff's needle-exchange program membership card, one of the defendants stated, in sum and substance, "I don't give a fuck about that" and threw the card on the ground.

20. Plaintiff was handcuffed, falsely arrested and taken to the 41st precinct.

21. At the precinct the officers falsely informed employees of the Bronx County District Attorney's Office that they had observed plaintiff possess a controlled substance. The officers intentionally withheld from prosecutors the facts surrounding plaintiff's arrest in an effort to cause plaintiff to be prosecuted.

22. If the officers had truthfully conveyed the circumstances of his arrest, the prosecutor would have declined prosecution, because, as the officers knew, plaintiff had not committed a crime.

23. Plaintiff was taken to Bronx Central Booking, where he was arraigned on charges of criminal possession of a controlled substance pursuant to New York Penal Law Section 220.03.

24. Bail was imposed, which plaintiff could not post, and he was taken to Rikers Island.

25. After he had been held for approximately 8 days, all charges against plaintiff were dismissed and he was released.

26. Plaintiff suffered damage as a result of defendants' actions.  Plaintiff was deprived of his liberty, suffered emotional distress, mental anguish, fear, pain, bodily injury, anxiety, embarrassment, humiliation, and damage to his reputation.

## FIRST CLAIM
### Unlawful Stop and Search

27. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

28. Defendants violated the Fourth and Fourteenth Amendments because they stopped and searched plaintiff without reasonable suspicion.

29. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages herein before alleged.

## SECOND CLAIM
### False Arrest

30. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

31. Defendants violated the Fourth and Fourteenth Amendments because they arrested plaintiff without probable cause.

32. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## THIRD CLAIM
### Malicious Prosecution

33. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

34. By their conduct, as described herein, and acting under color of state law, defendants are liable to plaintiff under 42 U.S.C. § 1983 for the violation of his constitutional right to be free from malicious prosecution under the Fourth and Fourteenth Amendments to the United States Constitution.

35. Defendants' unlawful actions were done willfully, knowingly, with malice and with the specific intent to deprive plaintiff of his constitutional rights. The prosecution by defendants of plaintiff constituted malicious prosecution in that there was no basis for the plaintiff's arrest, yet defendants continued with the prosecution, which was resolved in plaintiff's favor.

36. As a direct and proximate result of defendants' unlawful actions, plaintiff has suffered, and will continue to suffer, damages, including physical, mental and emotional injury and pain, mental anguish, suffering, humiliation, embarrassment and loss of reputation.

## FOURTH CLAIM
### Denial Of Constitutional Right To Fair Trial

37. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

38. The individual defendants created false evidence against plaintiff.

39. The individual defendants forwarded false evidence to prosecutors in the Bronx County District Attorney's office.

40. In creating false evidence against plaintiff, and in forwarding false information to prosecutors, the individual defendants violated plaintiff's right to a fair trial under the Due Process Clause of the Fifth, Sixth and Fourteenth Amendments of the United States Constitution.

41. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## FIFTH CLAIM
### Failure To Intervene

42. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

43. Those defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity prevent such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

44. Accordingly, the defendants who failed to intervene violated the Fourth, Fifth, Sixth and Fourteenth Amendments.

45. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## **PRAYER FOR RELIEF**

**WHEREFORE**, plaintiff respectfully requests judgment against defendants as follows:

(a) Compensatory damages against all defendants, jointly and severally;

(b) Punitive damages against the individual defendants, jointly and severally;

(c) Reasonable attorneys' fees and costs pursuant to 28 U.S.C. § 1988; and

(d) Such other and further relief as this Court deems just and proper.

Dated:     April 4, 2014
           New York, New York

                                        HARVIS WRIGHT & FETT LLP

                                        _____
                                        Gabriel Harvis
                                        305 Broadway, 14th Floor
                                        New York, New York 10007
                                        (212) 323-6880
                                        gharvis@hwandf.com

                                        *Attorneys for plaintiff*